UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL LYLE ELWARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ORLANDO MORENO CANO,<br><br>　　　　Defendant. | Case No. 24-cv-03054-BLF<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; REMANDING CASE**<br><br>[Re: ECF No. 5] |

Before the Court is Magistrate Judge Susan van Keulen's Report & Recommendation that the Court remand the case to state court due to lack of subject matter jurisdiction. ECF No. 5 ("R&R"). For the reasons described below, the Court ADOPTS the Report & Recommendation and REMANDS the case.

Defendant removed the case to this Court on May 21, 2024, and it was assigned to Magistrate Judge Susan van Keulen. ECF No. 1. On May 31, 2024, Judge van Keulen ordered the Clerk of the Court to reassign this case to a District Judge and issued a recommendation that the District Judge remand this case to state court due to lack of subject matter jurisdiction. R&R. The case was reassigned to the undersigned. ECF No. 6. On June 5, 2024, Defendant filed an Ex Parte Motion for Order to Show Cause Why Attorney Kirkman J. Hoffman Should Not be Held in Contempt, and Motion for Temporary Restraining Order and Why Preliminary Injunction Should Not be Granted. ECF No. 7. The Court denied that motion, finding that the Defendant did not establish a likelihood of success on the merits because he could not show that the Court has subject matter jurisdiction. ECF No. 8.

The Court has reviewed Judge van Keulen's Report & Recommendation. No objections to the R&R have been filed and the deadline to object has lapsed. *See* Fed. R. Civ. P. 72(b)(2)

(deadline for objections is fourteen days after being served). However, the Court treats Defendant's motion for a TRO and order to show cause, ECF No. 7, as an objection to the Report & Recommendation.

Defendant bases removal solely on 28 U.S.C. § 1443(1), which provides for removal of certain civil rights cases. ECF No. 1 ¶ (removal is "pursuant to 28 U.S.C. §§ 1443, 1446, and 1447(b)"); *see also id.* at 2–4, 6, 8, 12 (citing to 28 U.S.C. § 1443(1)). A successful petition for removal under section 1443(1) must satisfy a two-part test: (1) the petitioner must assert, as a defense, rights that are given to him by explicit statutory enactment protecting equal racial civil rights; and (2) the petitioner must assert that the state court will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights. *Liu v. Tan*, No. 18-cv-00054-JSC, 2018 WL 1371252, at *2 (N.D. Cal. Feb. 26, 2018) (citing *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006)). Judge van Keulen found in her Report & Recommendation that Defendant did not satisfy either prong described in *Liu*. R&R at 2–4. This Court independently came to the same conclusion in its order denying Defendant's motion for a TRO: Defendant has not satisfied either *Liu* prong, and thus cannot establish subject matter jurisdiction. ECF No. 8 at 4–5. The Court finds the Report & Recommendation to be correct, well-reasoned, and thorough, and for the reasons described in ECF No. 8, the Court agrees with Judge van Keulen's conclusion that the Court does not have subject matter jurisdiction.

Judge van Keulen ordered "the Clerk of the Court to reassign this case to a District Judge" with the recommendation that "the District Judge REMAND this case to state court due to lack of subject matter jurisdiction." R&R at 1–2.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The R&R is ADOPTED by the Court;
2. The case is REMANDED to state court.

Dated: June 17, 2024

_____
BETH LABSON FREEMAN
United States District Judge

2